**SIGNED THIS: December 18, 2008**

_____
THOMAS L. PERKINS
UNITED STATES CHIEF BANKRUPTCY JUDGE
_____

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | ) |
| | ) |
| CENTRAL ILLINOIS ENERGY, L.L.C., | )   No. 07-82817 |
| | ) |
| Debtor. | ) |

**O P I N I O N**

This matter is before the Court on a "Joint Motion to Approve Compromise Pursuant to Bankruptcy Rule 9019" (the "Motion"). The three joint movants are the Chapter 7 Trustee, Gary T. Rafool ("TRUSTEE"), the primary general contractor for the Debtor's ethanol plant construction project, Lurgi PSI, Inc. ("LURGI"), and the purchaser of substantially all of the DEBTOR'S assets at a sale conducted pursuant to Section 363 of the Bankruptcy Code, New CIE Energy Opco, LLC ("NEW CIE"). The proposed compromise is embodied in a contract entitled "Stipulation and Mutual Release of Claims" (the "Settlement Agreement") entered into in September, 2008 between LURGI, the TRUSTEE and NEW CIE.

The Settlement Agreement contains a provision whereby the TRUSTEE grants LURGI a blanket release of all claims in exchange for LURGI'S withdrawal of its proof of claim, filed as fully secured in the amount of $10,737,904.00, and waiver of any and all claims against the estate, secured and unsecured.

An objection to the Motion was filed by HWS Energy Partners, L.L.C. ("HWS"). HWS raises several grounds for disapproval of the compromise, including that there may be some uncertainty or confusion as to whether contract claims held by the DEBTOR against LURGI were sold to NEW CIE. At the hearing on the Motion, NEW CIE and the TRUSTEE stated as a fact that the claims were sold. The Unites States Trustee ("UST"), who supports approval of the compromise, may also have assumed that fact. HWS correctly points out that the EPC Agreements are expressly excluded from the assets acquired by NEW CIE and that all of the DEBTOR'S rights and claims under the agreements are preserved until further order. *See* Docket Sheet Document No. 189, page 15, para. 18. This at least raises the possibility that the TRUSTEE'S agreement, and the UST's support, may be based, in part, on a mistaken assumption that the DEBTOR'S causes of action against LURGI, if any, were sold to NEW CIE.

HWS also challenges the scope of the blanket release, a challenge that the TRUSTEE and the UST conceded at the hearing. The scope of the TRUSTEE'S release is problematic in two respects. First, the TRUSTEE purports to release claims against LURGI (and others) held by persons or entities other than the DEBTOR and the DEBTOR'S bankruptcy estate, specifically the DEBTOR "and its successors and assigns and their respective officers, directors, managers, employees, members, equity holders, partners, governors,

beneficiaries, insurers, agents, contractors or subcontractors, attorneys and representatives." Second, the TRUSTEE purports to release not only LURGI but a host of others, specifically LURGI "and its successors and assigns and their respective officers, directors, managers, employees, insurers, agents, contractors or subcontractors, attorneys and representatives."

Chapter 7 panel trustees and United States Trustees are responsible for understanding the boundaries of a panel trustee's power and authority, and for making sure that actions taken by the trustee are within those boundaries. No matter what perceived benefits will flow to the estate from a trustee's actions, a trustee is simply not permitted to act in a manner that exceeds his authority. *In re Dalen,* 259 B.R. 586, 611-12 (Bankr.W.D.Mich. 2001). It is the function of bankruptcy courts to enforce the limits established in the Bankruptcy Code and Rules, as to what may be permissibly achieved and ordered in a bankruptcy case. When requested relief exceeds those limits, it should be denied. *In re Levine,* 287 B.R. 683 (Bankr.E.D.Mich. 2002) (denying approval of proposed settlement between Chapter 7 trustee and debtor on grounds that settlement was *ultra vires* as beyond trustee's authority).

It is axiomatic that a Chapter 7 trustee may only release claims that he has the power to assert. *In re Telcar Group, Inc.,* 363 B.R. 345, 356 (Bankr.E.D.N.Y. 2007); *In re Schneiderman,* 251 B.R. 757, 768 (Bankr.D.Colo. 2000). In general, a Chapter 7 trustee is authorized to assert the following four categories of claims:

1. Claims based on nonbankruptcy law that the debtor could have brought outside of bankruptcy that become property of the estate by operation of Section 541;

3

    2.    Turnover claims under Sections 542 and 543;

    3.    Claims based on avoidance powers created by the Bankruptcy Code under Sections 545, 547, 548 and 549; and

    4.    Claims based on avoidance powers created by state law that a trustee is empowered to assert under Section 544.

A trustee has the power to release the collective claims under the first, second and third categories, on behalf of the debtor and the bankruptcy estate, without the risk of depriving any individual creditor of a personal claim for the same relief. A release of Section 544 claims is somewhat trickier since those claims, based on state law, are assertable by individual creditors outside of bankruptcy in an action by one non-debtor against another. To the extent a Chapter 7 trustee has standing to assert Section 544 claims on behalf of the creditor body as a whole, he has the power to settle and release those claims. *In re Van Diepen, P.A.,* 236 Fed.Appx. 498 (11th Cir. 2007); *In re Classic Coach Interiors, Inc.,* 290 B.R. 631, 637-640 (Bankr.C.D.Ill. 2002) (trustee's right to assert Section 544 (b)(1) claims supercedes the ability of any individual creditor to bring the same claim under state law). However, if a claim is personal to a particular creditor, the trustee has no standing to assert such a claim and, therefore, no power to settle or release it. *See Id.* at 640 (citing *Koch Refining v. Farmers Union Cent. Exchange, Inc.,* 831 F.2d 1339 (7th Cir. 1987)); *In re Derivium Capital, LLC,* 380 B.R. 392 (Bankr.D.S.C. 2007); *Schneiderman,* 251 B.R. at 768.

The release language set forth in paragraph 1(a) of the Settlement Agreement is impermissibly overbroad. Since the TRUSTEE does not have authority to bring individual claims of "officers, directors, managers, employees, members, equity holders, partners, governors, beneficiaries, insurers, agents, contractors or subcontractors, attorneys and representatives" of the DEBTOR and its successors and assigns, he does not have the power

4

to release such claims. The language quoted above, incorrectly implying that he does hold such power, is improper.[1]

The flip-side of the "scope of the release" coin concerns the identity of the releasees. This is not a question of the TRUSTEE'S power – a trustee has the authority to settle claims against and release whomever he sees fit, subject to notice and court approval, as long as such release is knowing and intentional, supported by adequate consideration (i.e., not gratuitous), and otherwise consistent with the trustee's exercise of his fiduciary responsibilities. A trustee's discretion to compromise and settle claims is broad. *Hoseman v. Weinschneider,* 322 F.3d 468, 475 (7th Cir. 2003).

At the hearing, HWS argued that LURGI, as the only party providing consideration to the estate, is the only proper releasee.[2] The TRUSTEE agreed, which can only be interpreted as his repudiation of the Settlement Agreement, or at least that portion of it.[3] That repudiation by itself necessitates denial of the Motion. A compromise or settlement is, by definition, a negotiated, consensual agreement. A bankruptcy court cannot rewrite the agreement and, by doing so, approve terms that differ from those to which the parties agreed. In evaluating a proposed settlement or compromise under Rule 9019, the court

---

[1] Furthermore, if NEW CIE had acquired any claims owned by the DEBTOR against LURGI, when it purchased the DEBTOR'S assets during the Chapter 11 case, ownership of such claims would have passed out of the estate prior to conversion. Thus, the TRUSTEE would have no power to release those claims either. Neither does the TRUSTEE have authority to act for NEW CIE. So the reference in the first line of paragraph 1(a) of the Settlement Agreement to the TRUSTEE acting for and on behalf of the DEBTOR'S "successors and assigns," to the extent it encompasses preconversion assignees, is also overbroad. If LURGI wishes to "buy its peace" from any non-debtor person or entity, it is barking up the wrong tree by seeking such a release from the TRUSTEE.

[2] Of particular concern, is the language in paragraph 1(a) providing that the TRUSTEE is releasing LURGI and its "contractors or subcontractors" from any and all claims. That reference would appear to release any person or entity in the chain of contractual privity with LURGI, which would likely include most everyone that worked on the ethanol plant. It is doubtful that the TRUSTEE intended such a broad release.

[3] The UST also agreed that LURGI would be the only proper releasee.

5

must accept or reject the agreement as presented. *In re Trism, Inc.,* 282 B.R. 662, 668 (8th Cir.BAP 2002).

HWS also challenges the wisdom of the deal, arguing that LURGI cannot have an unsecured claim so that its promise not to assert one is valueless to the estate and the unsecured creditors and, further, that the TRUSTEE is releasing potentially valuable claims against LURGI that he could not have properly evaluated for lack of time. Because the Motion must be denied for other reasons, it is not necessary for the Court to address these arguments today. If the TRUSTEE and LURGI negotiate a revised agreement and the TRUSTEE files a new Rule 9019 motion, HWS will, in the meantime, have had ample opportunity to persuade the TRUSTEE of the merits of its position.

For the foregoing reasons, the Motion will be denied. This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

###